UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

    - against -

SAEXPLORATION HOLDINGS, INC.,
JEFFREY H. HASTINGS,
BRENT N. WHITELEY, BRIAN A.
BEATTY, and MICHAEL J. SCOTT,

            Defendants,

THOMAS W. O'NEILL and
LORI E. HASTINGS,

            Relief Defendants.

**ORDER**

20 Civ. 8423 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff U.S. Securities and Exchange Commission (the "SEC") brings this civil enforcement action against Defendants SAExploration Holdings, Inc., Jeffrey H. Hastings, Brent N. Whiteley, Brian A. Beatty, and Michael J. Scott, and Relief Defendants Thomas W. O'Neill, and Lori E. Hastings. (Am. Cmplt. (Dkt. No. 115)) All Defendants and Relief Defendants have been terminated from the case, except for Defendant Brian A. Beatty and Relief Defendant Thomas W. O'Neill. (See (Dkt. Nos. 44, 94-95, 123-24))

    On April 1, 2021, the Government filed a motion to intervene and to stay the instant case until the conclusion of the criminal case, United States v. Jeffrey Hastings, S1 20 Cr. 534 (GHW). (Dkt. No. 70) On May 3, 2021, this Court granted the Government's motion, and stayed the case in its entirety, until the completion of the criminal case. (Dkt. No. 89)

On September 7, 2022, the Government filed a status report informing the Court that the criminal case against Defendant Hastings is complete, and although Defendants Whiteley and Scott have not been sentenced, they have pleaded guilty. The Government stated that, accordingly, the concerns underlying the Government's motion to stay were no longer present. (Dkt. No. 106) On September 28, 2022, this Court lifted the stay in this case. (Dkt. No. 108)

On May 19, 2023, Defendant Beatty moved to stay discovery, pending the sentencings of Defendants Whiteley and Scott in the criminal case. (Def. Br. (Dkt. No. 132-1) at 15-16) On May 31, 2023, the SEC opposed Beatty's motion, arguing, inter alia, that "[i]t is undisputed that the United States has not filed a public charging document against Beatty, and his [m]otion points to no evidence that there is an active criminal investigation of him or that he has been charged under seal." (Pltf. Opp. (Dkt. No. 133) at 3)

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Sec. & Exch. Comm'n v. LaGuardia, 435 F. Supp. 3d 616, 620-21 (S.D.N.Y. 2020) (alteration in original) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a stay of civil proceedings, in light of criminal proceedings, courts in this Circuit consider six factors:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) (quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

Having considered these factors, this Court finds that there is no reason to delay this case further. Defendant Beatty has not been indicted, and has not shown that there is any reason to believe that he is under criminal investigation. "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, . . . but will deny a stay of the civil proceeding where no indictment has issued." In re Par Pharm., Inc. Sec. Litig., 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (collecting cases). Moreover, the individuals who were criminally charged were charged and plead guilty over twenty-two months ago. (See 20 Cr. 534 (Dkt. Nos. 3, 34, 39, 45, 56); May 17, 2021 Minute Entry; August 13, 2021 Minute Entry)  Given the passage of time in this case – which was filed on October 8, 2020 (see Cmplt. (Dkt. No. 1)) – it is inappropriate to delay this case any further. Accordingly, Defendant Beatty's motion to stay discovery is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 132).

Dated: New York, New York
       June 16, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge