## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

-against-

**SAEXPLORATION HOLDINGS, INC,** *et al.*,

**Defendants.**

---

**Case No. 1:20-cv-8423-PGG**

## PLAINTIFF'S MOTION FOR ENTRY OF
## FINAL JUDGMENT AS TO DEFENDANT BRIAN BEATTY

Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully moves for the entry of a consented-to proposed Final Judgment as to Defendant Brian Beatty.

In support of this motion, the SEC states the following:

1.     The SEC and Defendant Brian Beatty have reached a settlement, subject to the Court's approval.

2.     Submitted herewith as Exhibit 1 is the Consent of Defendant Brian Beatty, in which Mr. Beatty consents, without admitting or denying the allegations in the Complaint, to the entry of the proposed Final Judgment.

3.     Submitted herewith as Exhibit 2 is the proposed Final Judgment as to Mr. Beatty, which would:  (1) permanently enjoin Mr. Beatty from committing additional violations of the federal securities laws charged in the Complaint, namely, the antifraud, books and records, reporting, and internal controls provisions of the federal securities laws; (2) permanently bar Beatty from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 [15 U.S.C. § 78l]; (3) provides for

the disgorgement of $219,940 plus prejudgment interest thereon in the amount of $41,763, for a

total of $261,703; and (4) provides that Beatty shall reimburse SAExploration Holdings, Inc.,

pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243], in the amount of

$441,995, to be paid by Beatty within one year of the Court's entry of the Final Judgment against

Mr. Beatty.  If the Court accepts the proposed settlement and enters the Proposed Final

Judgment, that will resolve the case against Beatty.

4.      The proposed Final Judgment as to Mr. Beatty is fair and reasonable and in the

public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

For the foregoing reasons, the SEC respectfully requests that the Court enter the Proposed

Final Judgment by consent as to Defendant Brian Beatty.


Respectfully submitted,

*/s/ Peter Lallas*
S. Yael Berger
Dean Conway
Peter Lallas
Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549-5977
(202) 551-6864
lallasp@sec.gov
*Counsel for Plaintiff SEC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2023, I electronically filed the foregoing Motion,

including Exhibits 1 and 2, with the Clerk of the Court by using the CM/ECF system.


*/s/ Peter Lallas*
Peter Lallas

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**U.S. SECURITIES AND EXCHANGE
COMMISSION,**

                    **Plaintiff,**

    **-against-**

**SAEXPLORATION HOLDINGS, INC.,**
**JEFFREY H. HASTINGS,**
**BRENT N. WHITELEY,**
**BRIAN A. BEATTY, and**
**MICHAEL J. SCOTT,**

                    **Defendants, and**

**THOMAS W. O'NEILL and**
**LORI E. HASTINGS,**

                    **Relief Defendants.**

**Civil Action No. 1:20-CV-8423 (PGG)**

---

### CONSENT OF DEFENDANT BRIAN A. BEATTY

1.      Defendant Brian A. Beatty ("Defendant") acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Amended Complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

                    (a)      permanently restrains and enjoins Defendant from violations of, and/or aiding and abetting violations of, Section 17(a) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]; Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]; Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]; Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1]; Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2]; Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14]; and Section 304 of the Sarbanes-Oxley Act of 2002 ("SOX") [15 U.S.C. § 7243];

(b) prohibits Defendant from acting as a director or officer of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(c) orders Defendant to pay disgorgement in the amount of $219,940, plus prejudgment interest thereon in the amount of $41,763, for a total of $261,703; and

(d) orders Defendant to reimburse SAExploration Holdings, Inc., in the amount of $441,995, pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243].

3. Defendant agrees that he shall not seek or accept, directly or indirectly,

2

reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any amounts that Defendant reimburses SAExploration Holdings, Inc. pursuant to the Final Judgment and in accordance with Section 304 of the Sarbanes-Oxley Act of 2002.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Amended Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be

made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19) ); however, subsection (iv) of this paragraph is explicitly limited to preventing discharge in bankruptcy of the obligations owed by Defendant to the Commission under the terms of this Consent and Final Judgment and in no way prevents Defendant from defending himself in other actions or claims by a non-Commission creditor in a bankruptcy case (and also may not be used against Defendant by any other person or entity, including in any other civil action or criminal prosecution).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

6

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated: _August 23, 2023_

_____
Brian A. Beatty


On _August 23_, 2023, _Brian   Beatty_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:


Approved as to form:

_John Kinchen_
_____
John Kinchen
Smyser Kaplan and Veselka, LLP
717 Texas Ave.
Suite 2800
Houston, TX 77002
(713) 221-2345
jkinchen@skv.com

_Attorney for Defendant Brian A. Beatty_

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>             **Plaintiff,**<br><br>  -against-<br><br>SAEXPLORATION HOLDINGS, INC.,<br>JEFFREY H. HASTINGS,<br>BRENT N. WHITELEY,<br>BRIAN A. BEATTY, and<br>MICHAEL J. SCOTT,<br><br>             **Defendants, and**<br><br>THOMAS W. O'NEILL and<br>LORI E. HASTINGS,<br><br>             **Relief Defendants.** | Civil Action No. 1:20-CV-8423 (PGG) |

**FINAL JUDGMENT AS TO DEFENDANT BRIAN A. BEATTY**

The U.S. Securities and Exchange Commission (the "Commission") having filed an Amended Complaint and Defendant Brian A. Beatty ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

2

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Paragraph 2 of Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule

13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, as an officer or director of an issuer,

    (a)    making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review, or examination of the financial statements of an issuer, or (ii) the preparation or filing of any document or report required to be filed with the Commission; or

    (b)    taking any action, or directing another person to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in

rendering the issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report filed under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] (other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K, or Forms 10-KSB.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of

the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that files with the Commission any information, document, or report required to be filed with the Commission pursuant to Exchange Act Section 13(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of a material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of its assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to reasonably assure that transactions are recorded and financial statements are prepared in conformity with generally accepted accounting principles.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 304(a) of the Sarbanes-Oxley Act of 2002 ("SOX") [15 U.S.C. § 7243(a)] by failing to reimburse an issuer for any bonus or other incentive-based compensation and any profits realized from the sale of the issuer's securities during the 12-month period following the first public issuance or filing with the Commission of any financial document, for which an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws.

7

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $219,940, representing ill-gotten gains as a result of the conduct alleged in the Amended Complaint, plus prejudgment interest of $41,763, for a total of $261,703. Defendant shall pay $261,703 in two installments according to the following schedule:  (1) $25,000 within 10 days of the entry of this Final Judgment or by October 1, 2023, whichever is later; and (2) $236,703 within 365 days of the entry of this Final Judgment.  If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brian A. Beatty as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund and the Fund may only be

disbursed pursuant to an Order of the Court.   Regardless of whether any such Fair Fund

distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall

be treated as penalties paid to the government for all purposes, including all tax purposes.  To

preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of

any award of compensatory damages in any Related Investor Action based on Defendant's

payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit

by, offset or reduction of such compensatory damages award by the amount of any part of

Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any

Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry

of a final order granting the Penalty Offset, notify the Commission's counsel in this action and

pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes

of this paragraph, a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall

reimburse SAExploration Holdings, Inc., pursuant to Section 304(a) of the Sarbanes-Oxley Act

of 2002, 15 § U.S.C. 7243(a), by paying $441,995 within 365 days of the entry of this Final

Judgment.  Defendant shall make this payment to SAExploration Holdings, Inc., and upon
making such payment Defendant shall promptly inform the Commission's counsel in this action,
or shall cause the Commission's counsel promptly to be informed, in writing: (i) that the
payment was made, (ii) the date the payment was made, and (iii) the amount of the payment.  By
making this payment, Defendant relinquishes all legal and equitable right, title, and interest in
such funds, and no part of the funds shall be returned to Defendant.  If Defendant fails to make
this payment by the date agreed and/or in the amount agreed as specified above, all outstanding
payments under this Final Judgment, including postjudgment interest, minus any payments
made, shall become due and payable immediately at the discretion of the staff of the Commission
without further application to the Court.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the
Consent is incorporated herein with the same force and effect as if fully set forth herein, and that
Defendant shall comply with all of the undertakings and agreements set forth therein.

XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for
purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C.
§ 523, the allegations in the Amended Complaint are true and admitted by Defendant, and
further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by
Defendant under this Final Judgment or any other judgment, order, consent order, decree or
settlement agreement entered in connection with this proceeding, is a debt for the violation by
Defendant of the federal securities laws or any regulation or order issued under such laws, as set
forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XVII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ___November 15___, 2023

_____
PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE