UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

SAEXPLORATION HOLDINGS, INC.,
JEFFREY H. HASTINGS,
BRENT N. WHITELEY,
BRIAN A. BEATTY, and
MICHAEL J. SCOTT,

Defendants, and

THOMAS W. O'NEILL and
LORI E. HASTINGS,

Relief Defendants.

Civil Action No. 1:20-CV-8423 (PGG)

**PLAINTIFF'S CONSENT MOTION FOR ENTRY OF FINAL JUDGMENTS
AS TO DEFENDANTS BRENT WHITELEY AND MICHAEL SCOTT
AND FOR DISMISSAL OF RELIEF DEFENDANT THOMAS O'NEILL**

Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully moves for the entry of consented-to proposed Final Judgments as to Defendants Brent Whiteley and Michael Scott and the dismissal of Relief Defendant Thomas O'Neill. The granting of the relief sought herein would resolve the entire litigation.

In support of this motion, the SEC states the following:

1. The SEC and Defendants Brent Whiteley and Michael Scott have reached settlements, subject to the Court's approval.

2. On June 29, 2021, this Court entered Judgments against Messrs. Scott and Whiteley, *inter alia*, imposing injunctive relief sought in the Complaint. ECF Nos. 94, 95. The

proposed Final Judgments described below include the injunctive relief previously ordered by this Court and also additional monetary relief.

3. Submitted herewith as Exhibit 1 is the Consent[1] of Defendant Brent Whiteley, in which Mr. Whiteley consents, without admitting or denying the allegations in the Complaint, to the entry of the proposed Final Judgment.

4. Submitted herewith as Exhibit 2 is the proposed Final Judgment as to Mr. Whiteley, which would: (1) permanently enjoin Mr. Whiteley from committing additional violations of the federal securities laws charged in the Complaint, namely, the antifraud, books and records, reporting, and internal controls provisions of the federal securities laws; (2) permanently bar Whiteley from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 [15 U.S.C. § 78l]; (3) provide for the disgorgement of $7,054,221 plus prejudgment interest thereon in the amount of $1,039,382, for a total of $8,093,603, with such amount deemed satisfied by the restitution order in the Judgment entered against Defendant in *United States v. Whiteley*, Crim. No. 1:20-cr-534 (S.D.N.Y.) on February 20, 2024; and (4) provide that Whiteley shall reimburse SAExploration Holdings, Inc., pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243], in the amount of $1,114,303. If the Court accepts the proposed settlement and enters the Proposed Final Judgment, that will resolve the case against Whiteley.

5. Submitted herewith as Exhibit 3 is the Consent of Defendant Michael Scott, in which Mr. Scott consents, without admitting or denying the allegations in the Complaint, to the entry of the proposed Final Judgment.

---

[1] Nothing in summaries of the Consents and proposed Final Judgments should be misconstrued to alter the terms set forth therein.

6. Submitted herewith as Exhibit 4 is the proposed Final Judgment as to Mr. Scott, which would: (1) permanently enjoin Mr. Scott from committing additional violations of the federal securities laws charged in the Complaint, namely, the antifraud, books and records, reporting, and internal controls provisions of the federal securities laws; (2) permanently bar Scott from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 [15 U.S.C. § 78l]; and (3) provide for the disgorgement of $219,940 plus prejudgment interest thereon in the amount of $41,763, for a total of $261,703, with such amount deemed satisfied by the restitution order in the Amended Judgment entered against Scott in *United States v. Scott*, Crim. No. 1:20-cr-534 (S.D.N.Y.) on February 28, 2024. If the Court accepts the proposed settlement and enters the Proposed Final Judgment, that will resolve the case against Scott.

7. The proposed Final Judgments as to Messrs. Whiteley and Scott are fair and reasonable and in the public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

8. The SEC also moves the Court to enter an order of voluntary dismissal of the case against Relief Defendant Thomas O'Neill, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citation omitted).

9. Here, dismissal would not prejudice Thomas O'Neill, and his counsel has represented to the undersigned in writing that he consents to this dismissal.

10. Accordingly, the SEC moves to voluntarily dismiss the case against O'Neill, and submits herewith a Proposed Order of Voluntary Dismissal as Exhibit 5.

For the foregoing reasons, the SEC respectfully requests that the Court enter the Proposed Final Judgments by consent as to Defendants Brent Whiteley and Michael Scott and enter an Order of Voluntary Dismissal as to Relief Defendant Thomas O'Neill.

Respectfully submitted,

/s/ Peter Lallas
S. Yael Berger (admitted *pro hac vice*)
Peter Lallas (PL-2965)
Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549-5977
(202) 551-6864
lallasp@sec.gov
*Counsel for Plaintiff SEC*

**MEMO ENDORSED**
The Application is granted. The August 15, 2024 status conference is adjourned sine die. The Clerk of Court is directed to close this case.
SO ORDERED:
/s/ Paul A. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: August 14, 2024

4